**Exhibit 1 – Settlement Agreement**

## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims ("Agreement") is entered into by and between the following Parties: DANIELLE JOHNSON ("Plaintiff") and ATLANTA CUSTOM COACH, INC. and DAVID LAY. ("Defendants"):

## RECITALS

On June 8, 2015, Plaintiff filed a lawsuit in the United States District Court for the Northern District of Georgia, Atlanta Division, now styled *Danielle Johnson, Plaintiff v. Atlanta Custom Coach, Inc. and David Lay, Defendants,* Civil Action No. 1:15-cv-02050-ELR (hereinafter referred to as the "Litigation"), which action arises out of, or relates to, the employment of, or work performed by, the Plaintiff.

Pursuant to the Litigation, Plaintiff claims that Defendants intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act ("FLSA"). Defendants deny these allegations.

Plaintiff and Defendants desire to enter into an agreement resolving and settling all claims by Plaintiff against Defendants and all those to be released in this Agreement, reciting the following terms and conditions.

Plaintiff warrants and represents that she has not assigned any of her claims against Defendants or any other person or entity to be released in this Settlement Agreement and that no attorneys other than Severin Roberts and Amanda Farahany of Barrett & Farahany LLP have a claim for attorneys' fees and/or costs arising from Plaintiff's claims released in this Agreement.

This Agreement constitutes a good faith settlement of all of Plaintiff's disputed claims against the Defendants, and shall not be deemed in any manner an admission, finding, or indication, for any purposes whatsoever, that the Defendants, or any of their agents acted contrary to law or violated the rights of Plaintiff or any other person at any time.

NOW, THEREFORE, in exchange for good and valuable consideration, the Parties agree as follows:

1

## STATEMENT OF AGREEMENT

The Parties acknowledge, and rely upon as material to this agreement, the accuracy of the above Recitals, and agree as follows:

**1.    Consideration.**  In consideration of this Settlement Agreement and Full and Final Release of All Claims and other good and sufficient consideration, including Plaintiff's agreement to dismiss with prejudice the Litigation, Defendants will tender to Plaintiff the gross amount of **$30,000.00** payable by delivery to Plaintiff's counsel of record after the Agreement is executed and approved by the Court according to the schedule described below.

> **1.1    Payment 1: $10,000.00** within 14 days of Court approval, allocated as follows:
>
> **$1,248.50** (less withholdings and deductions) payable to Plaintiff for alleged unpaid wages;
>
> **$1248.50** (with no withholdings or deductions) payable to Plaintiff for alleged FLSA liquidated damages;
>
> **$50.00** (with no withholdings or deductions) payable to Plaintiff as consideration for the general release contained herein; and,
>
> **$7,453.00** payable to Barrett & Farahany LLP, for attorney's fees and costs.
>
> **1.2    Payment 2: $6,666.67** within 30 days of Payment 1, allocated as follows:
>
> **$869.34** (less withholdings and deductions) payable to Plaintiff for alleged unpaid wages;
>
> **$869.34** (with no withholdings or deductions) payable to Plaintiff for alleged FLSA liquidated damages; and,
>
> **$4,927.98** payable to Barrett & Farahany LLP, for attorney's fees and costs.

2

**1.3**  **Payment 3: $6,666.67** within 30 days of Payment 2, allocated as follows:

**$869.34** (less withholdings and deductions) payable to Plaintiff for alleged unpaid wages;

**$869.34** (with no withholdings or deductions) payable to Plaintiff for alleged FLSA liquidated damages; and,

**$4,927.98** payable to Barrett & Farahany LLP, for attorney's fees and costs.

**1.4**  **Payment 4: $6,666.66** within 30 days of Payment 3, allocated as follows:

**$869.34** (less withholdings and deductions) payable to Plaintiff for alleged unpaid wages;

**$869.34** (with no withholdings or deductions) payable to Plaintiff for alleged FLSA liquidated damages; and,

**$4,927.98** payable to Barrett & Farahany LLP, for attorney's fees and costs.

The settlement amounts paid to Plaintiff for her alleged unpaid wages shall be paid by check payable to Plaintiff in the amount stated above, less all applicable taxes and other required or authorized wage withholdings and employer tax payments and reported on IRS form W-2 and its state tax equivalent ("W-2 payments"). The settlement amount paid to Plaintiff as consideration for the release of her alleged FLSA liquidated damages shall be paid without any deduction for any taxes or other withholdings ("1099 payments") by separate check payable to Plaintiff in the amounts stated above and reported on IRS Form 1099-MISC and its state tax equivalent. Defendants shall be responsible for determining, processing, and reporting the amount of tax withholding, if any, required from the W-2 payments made under this Agreement. Prior to any payments set forth above, Plaintiff's counsel shall provide Defendants with an IRS form W-9 reflecting Plaintiff's counsel's tax identification number and a W-9 for Plaintiff. These checks will be

3

mailed to V. Severin Roberts of Barrett & Farahany, LLP, counsel for Plaintiff, in accordance with the schedule set forth above.

**2.** **Default.** If Defendants fail to make timely payment of any installment payment provided for in Sec. 1, Plaintiff shall provide notice of the default in writing to Defendants and give Defendants five days to cure. Should Defendants fail to cure the default, then Plaintiff may, at her sole election, treat this Agreement as null and void and may continue her litigation against Defendants, including but not limited to any and all claims which are the subject of the release of claims in this Agreement. Plaintiff may, alternatively, take any available measures under the law to collect on settlement payments prescribed in Sec. 1. The parties further agree that the prevailing party shall be entitled to attorneys' fees incurred in connection with seeking to remedy any breach of Sec. 1. Nothing in this section is intended to limit Defendants' rights or remedies with respect to any actions taken by Plaintiff pursuant to this section.

**3.** **Settlement Approval**.  All Parties agree that, upon execution of this Agreement, through the use of the joint motion attached hereto as Attachment A, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this Litigation is pending for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. All Parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. After the Court approves the settlement of this Litigation, Defendants will begin making the structured payments as described above following the filing or entry of the order (either formal written order or docket entry, *i.e.*, "minute entry") approving the settlement. If the District Court does not approve this Agreement, the Parties agree that the terms, conditions, and provisions contained herein are null, void, and without any legal effect.  However, the parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court.

**4.** **Dismissal of Litigation**.  The parties will request that the Court retain jurisdiction of this action to enforce the terms of the parties' settlement. At such time as Defendants make all of the payments set forth in Sec. 1, the parties shall file a stipulation of dismissal with the Court.

4

**5.** **Non-Disparagement**.  The Parties agree that they will not make any knowingly false oral or written communication to any person or entity – governmental or otherwise – which disparages the reputation of the other party. Furthermore, the Parties agree not to solicit, encourage, or otherwise cause any such communication to be made by any individual not bound by the terms of this Agreement.

**6.** **Release & Waiver of All Claims**.  In exchange for the payment set forth above, and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, her heirs and assigns, hereby **RELEASES, REMISES, AND FOREVER DISCHARGES** Defendants and its predecessor and their parents, subsidiaries, affiliates, owners, trustees, officers, administrators, agents, attorneys, managers, employees, personally and in their respective capacities, their heirs and assigns, and any other person or entity representing or succeeding to any such person or entity (collectively, "Defendants"), from any and all claims, demands, rights, charges, actions, interests, debts, liabilities, damages, costs, attorneys' fees and expenses, or causes of action of whatever type or nature, whether legal or equitable, whether known or unknown to them and whether discoverable or not, which they may now have against them, either individually, jointly, or severally, before any municipal, state or federal administrative court or agency, based upon acts which have occurred from the beginning of time to the date of this Agreement; which Agreement specifically shall include the release of any and all claims, demands, or causes of action arising out of the Litigation and all claims, demands, or causes of action arising out of, either directly or indirectly, her employment with or separation from employment with Defendants, including, but not limited to, claims under the FLSA; Title VII of the Civil Rights Act of 1964; Age Discrimination in Employment Act ("ADEA"); 42 U.S.C. §1981; the Americans with Disabilities Act ("ADA"); the Family and Medical Leave Act ("FMLA"); the Employee Retirement Income Security Act of 1974 ("ERISA"); and any law, constitution, statute, regulation, ordinance, executive order, and the like, or theory at common law or otherwise. Plaintiff further agrees that she will not attempt (or authorize an attempt) to re-initiate in a court or in arbitration, the FLSA claims and any other claims hereby released in any manner, and waives the right to any monetary recovery in any lawsuit or administrative proceeding, whether brought by herself or by the EEOC, arising out of, either directly or indirectly, her employment with or separation from employment with Defendants. The foregoing release only applies to claims existing as of Plaintiff's execution of this Agreement or earlier.

5

**7.** **Entire Release; Full and Final Release**. Plaintiff affirms that the only consideration for her decision to execute and her execution of the Agreement are the terms stated herein and that there are no other promises or arrangements of any kind which have caused her to execute the Agreement; that she fully understands the meaning and intent of the Agreement, including, but not limited to, its final and binding effect; and that she has consulted legal counsel before executing the Agreement. It is understood and agreed by Plaintiff that this Agreement constitutes a full and final release covering all unknown, undisclosed and unanticipated losses, wrongs, injuries, debts, claims, or damages to Plaintiff which may have arisen from any act of omission by Defendants prior to the date of execution of this Agreement.

**8.** **Waiver of Reinstatement**. Plaintiff waives any right to reinstatement or future employment with Defendants or any of its affiliates or subsidiaries, and she shall not knowingly apply for any such employment.

**9.** **No Liability**. It is further understood and agreed that Defendant expressly denies any and all liability for any and all claims that Plaintiff may have against it. This Agreement is a compromise settlement of disputed claims, and neither this Agreement itself, nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission of liability or responsibility for any wrongdoing of any kind.

**10.** **Attorneys' Fees and Costs**. Except as provided herein, each of the Parties shall bear all attorneys' fees and litigation costs arising from the actions of its own counsel in connection with the Litigation, the negotiation and execution of this Agreement, the matters referred to herein, the filing for approval of this Agreement and its attachments, and all other related matters. Except as otherwise provided herein, under no circumstance may any party hereto be responsible for the payment of any attorneys' fees or litigation costs of another party hereto.

**11.** **Merger**. The Parties agree that this Agreement constitutes the entire agreement and the only agreement between the Parties, and any representations or promises not contained herein shall not be binding upon or imputed to the Parties. The Parties agree that this Agreement is the final embodiment of the agreement between them and shall supersede all prior written and oral agreements, understandings, and/or discussions by, between, or among the Parties relating to it or in any way connected with the subject matters of this Agreement.

**12.   Amendments**.  Any modification or change to this Agreement must be made in writing and signed by all Parties.

**13.   Construction**.  The language contained in this Agreement shall be deemed to be that approved jointly by the Parties, and no rule of strict construction shall be applied against any Party hereto.  Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph.  No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any Party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

**14.   Severability**.  The Parties agree that in the event any one or more of the provisions of this Agreement shall be or become invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein shall not be affected thereby.

**15.   Successors**.  The Parties agree this Agreement shall inure to the benefit of and be binding upon the respective Parties to this Agreement, their successors, trustees, representatives, heirs, administrators, and executors forever.

**16.   Governing Law**.  The terms of this Agreement shall be governed and construed pursuant to the law of the State of Georgia.

**17.   Counterparts and Copies**.  This Agreement may be signed in counterparts, and all so executed counterparts shall constitute one agreement which shall be binding on all of the parties hereto, notwithstanding that all of the parties may not have each signed the same signature page.  In addition, copies of this Agreement shall have the same force and effect as original documents.

**18.   Acknowledgements**.  By her signature, Plaintiff agrees, acknowledges, and represents that she has read this Agreement completely; she has been given a reasonable time to review and consider its terms; she has been advised to consult with an attorney and has been given sufficient opportunity to do so; he has fully reviewed the terms and provisions of the Agreement, and is aware of its contents; she fully understands the terms and provisions and their effect; she fully understands her rights, obligations, and the rights she has waived herein; she is receiving consideration pursuant to this Agreement that is of value to her and is not anything to which she is already entitled; and **she has freely and voluntarily entered into this Agreement.**

IN WITNESS WHEREOF, the undersigned have executed this Settlement Agreement and Release effective as of the dates below.

**Danielle Johnson**

Date: 3-14-16

_Danielle Johnson_
Danielle Johnson

**Atlanta Custom Coach, Inc.**

Date: 3/10/16

_Atlanta Custom Coach, Inc._
Atlanta Custom Coach, Inc.

By: _____

Its: _President_

**David Lay**

Date: 3/10/16

_David Lay_
David Lay

8